IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERFECT BROW ART, INC., ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | Judge: |
| v. ) | |
| ) | Magistrate Judge: |
| WAFA'S BROW ART AND ) | |
| SKIN CARE ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Perfect Brow Art, Inc. ("Plaintiff"), by and through its attorneys, alleges against Defendant Wafa's Brow Art and Skin Care ("Defendant") as follows:

**NATURE OF THE ACTION**

1. This action further seeks preliminary and permanent injunctive relief, compensatory damages, punitive damages, and attorney's fees and costs pursuant to the Lanham Act (15 U.S.C. §1114 and 15 U.S.C. §1125 *et. seq.*); the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et. seq.*); and, for trademark infringement and unfair competition pursuant to Illinois common law. This action also seeks a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201).

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et. seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Plaintiff is informed, believes, and thereon alleges that Defendant has sufficient contact with this district generally and, in particular, with the events here alleged, including, but not limited to its business activities involving the advertising and sale of its goods and/or services over the Internet to the citizens of Illinois, so as to subject it to both personal jurisdiction this court and to make this Court a proper venue pursuant to 28 U.S.C. §1391.

## THE PARTIES

4. Plaintiff is an Illinois corporation with its principal place of business at 3223 Lake Ave., Suite 15C, Wilmette, Illinois 60091. Plaintiff provides eyebrow, facial, and body threading and related services within the United States and abroad. Plaintiff is the owner of several famous United States Patent and Trademark Office Trademark Registrations.

5. Defendant is a Florida Corporation with a principal place of business at 7400 N. Federal Hwy A11, Boca Raton, Florida 33487. Defendant also provides eyebrow, facial, and body threading and related services within the United States.

## STATEMENT OF FACTS

### Plaintiff's Trademarks and Associated Rights

6. Plaintiff is the owner of the United States Trademark Registration Nos. 3931415 and 4240478 for the mark BROW ART 23 for use in connection with "facial and body threading, namely, hair removal service in conjunction with the use of a thread from eyebrows, chin, upper and/or lower lip, forehead, arms, legs, back, and chest area" in International Class 44. **Exhibit A and B respectfully.**

7. Plaintiff is the owner of the United States Trademark Registration No. 4373078 for the mark BROW ART for use in connection with "hair removal services in the nature of facial and body threading" in International Class 44. **Exhibit C.** (Registration Nos. 3931415, 4240478 and 4373078 collectively referred to as "the Plaintiff's Registrations", "Plaintiff's Marks" or "the Marks".)

8. Plaintiff's Registrations are valid, subsisting, and in full force and effect, and constitute evidence of validity of the Marks and of Plaintiff's exclusive right to use the marks in connection with the services identified in the registration.

9. Plaintiff has used the BROW ART 23 and BROW ART marks in the U.S. since at least as early as May of 2008 with regard to the above iterated services, and continues to use and promote Plaintiff's Marks in connection with such services.

10. Plaintiff has spent a considerable amount of money, time, and energy with the promotions of its services promoted and rendered under the Marks and as a result a significant amount of goodwill has attached to Plaintiff's Marks, making the Marks a valuable and irreplaceable asset of Plaintiff's business.

11. Plaintiff's Marks are entitled to a broad scope of protection by virtue of Plaintiff's continuous, exclusive and widespread use of the Marks for nearly ten years.

12. As a result of longstanding and extensive use in commerce and wide recognition among the purchasing public, Plaintiff's Marks have become distinctive as an indication of the source of such branded goods and services.

13. Notwithstanding, Plaintiff's rights in and to the Marks, upon information and belief, in April of 2014, Defendant began using Wafa's Brow Art and Skin Care ("Defendant's Brow Art") in connection to eyebrow, facial, and body threading.

14. Defendant improperly uses Plaintiff's Marks.  This use is such as to create a likelihood of confusion regarding the source or origin of Defendant's services.  This use falsely implies that the Defendant's services are rendered with Plaintiff's consent to and involvement therewith.  This use also falsely implies approval, affiliation, and/or sponsorship between Plaintiff and Defendant where there is none.

15. The use of Plaintiff's Marks by Defendant is diluting the famous and distinctive quality of the Marks and impairing Plaintiff's ability to obtain contracts with third parties in the future.

16. Defendant knowingly, willfully, and intentionally infringed Plaintiff's Marks and the rights afforded by Plaintiff's Registrations.

17. On information and belief, Defendant has received profits from its infringing use of Plaintiff's Marks.

18. Upon information and belief, Defendant knew of Plaintiff's Marks at the time or before it adopted its Marks.

19. Discovery or further investigation is likely to show evidentiary support that the Defendant is taking affirmative steps to increase that use dramatically in connection with goods and/or services related to hair removal in the nature of facial and body threading.

**COUNT I: TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN**

20. Plaintiff hereby realleges and reaffirms paragraphs 1 through 19 of this complaint, as if the same were herein set forth verbatim.

21. Plaintiff's BROW ART 23 and BROW ART marks are subsumed into Defendant's Brow Art.

22. Upon information and belief, Defendant knew of Plaintiff's Marks at the time or before it adopted its Brow Art mark.

23. Upon information and belief, Defendant used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights under 15 U.S.C. §§ 1114 and 1125(a) by their unauthorized use of Plaintiff's Marks in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff's and Defendant's services and/or that Plaintiff has sponsored or endorsed Defendant's sale of services.

24. Defendant's actions have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's Marks.

25. By reason of Defendant's acts as above alleged, Plaintiff has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount.

26. Unless enjoined by this Court, Defendant will continue to do the acts complained of herein all to the immediate, irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT II: UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

27. Plaintiff hereby realleges and reaffirms paragraphs 1 through 26 of this complaint, as if the same were herein set forth verbatim.

28. Upon information and belief, Defendant used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally engage in unfair competition and deceptive trade practices under federal law (15 U.S.C. § 1125(a)) by their unauthorized use of Plaintiff's Marks.

29. Defendant's actions have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's Marks.

30. By reason of Defendant's acts as above alleged, Plaintiff has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount.

31. Unless enjoined by this Court, Defendant will continue to do the acts complained of herein all to the immediate, irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law.

**COUNT III: VIOLATION OF THE FEDERAL DILUTION STATUTE**

32. Plaintiff hereby realleges and reaffirms paragraphs 1 through 31 of this complaint, as if the same were herein set forth verbatim.

33. Plaintiff is the exclusive owner of the BROW ART 23 and BROW ART federal trademark registrations in the United States.

34. Since the introduction of Plaintiff's BROW ART Mark in 2008, Plaintiff's Mark has achieved enormous and widespread public recognition and as a result has become famous for the goods/services covered in Plaintiff's Registrations.

35. The Plaintiff's BROW ART 23 and BROW ART marks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125 (c)).

36. Based on the Plaintiffs' extensive sales of services, marketing and advertising of Plaintiff's Marks in the United States and abroad, Plaintiff's Marks have become inherently distinctive and famous pursuant to 15 U.S.C. § 1125(c).

37. Defendant's commercial use of the confusingly similar Brow Art mark, as well as Defendant's efforts to pass their services as being marketed, sponsored, affiliated, licensed or otherwise approved by Plaintiff, is likely to dilute, actually dilutes, and will continue to dilute the Plaintiff's famous and distinctive Marks associated to the famous and distinctive BROW ART 23 and BROW ART Marks by tarnishment and blurring.

38. By reason of Defendant's acts alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

39. Unless Defendant is enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

**COUNT IV: ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

40. Plaintiff hereby realleges and reaffirms paragraphs 1 through 39 of this complaint, as if the same were herein set forth verbatim.

41. Upon information and belief, Defendant used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of Plaintiff's Marks in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff and Defendant's services and/or that Plaintiff has sponsored or endorsed Defendant's sale of services under Plaintiff's Marks.

42. Defendant's conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and Plaintiff's products/services.

43. As such, Defendant's conduct constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et. seq.*

44. Upon information and belief, by its acts, Defendants made and will make substantial profits and gains to which it is not in law or equity entitled.

45. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

46. Unless Defendant is enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

**COUNT V: ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES**

47. Plaintiff hereby realleges and reaffirms paragraphs 1 through 46 of this complaint, as if the same were herein set forth verbatim.

48. Upon information and belief, Defendant used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of Plaintiff's Marks in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff and Defendant's services and/or that Plaintiff has sponsored or endorsed Defendant's sale of services.

49. Defendant's conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of Plaintiff.

50. As such, Defendant's conduct constitutes deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.*

51. Upon information and belief, by its acts, Defendant made and will make substantial profits and gains to which it is not in law or equity entitled.

52. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

53. Unless Defendant is enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

### COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT

54. Plaintiff hereby realleges and reaffirms paragraphs 1 through 53 of this complaint, as if the same were herein set forth verbatim.

55. Upon information and belief, Defendant used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of Plaintiff's Marks in a such a way to falsely suggest to the consuming public

that there exists an association or affiliation between Plaintiff and Defendant's services and/or that Plaintiff has sponsored or endorsed Defendant's sale of services.

56. Defendant's conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of Plaintiff.

57. As such, Defendant's conduct constitutes unfair competition and trademark infringement in violation of the common law of Illinois.

58. Upon information and belief, by its acts, Defendant made and will make substantial profits and gains to which it is not in law or equity entitled.

59. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

60. Unless Defendant is enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Perfect Brow Art, Inc., respectfully requests that the Court:

A.  Find that the Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendant has engaged in deceptive acts and practices under Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); (iii) Defendant has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, (815 ILCS 505/1 *et. seq.*); and (iv) Defendant has engaged in trademark infringement and unfair competition under the common law of Illinois;

B. Grant an injunction permanently enjoining and restraining the defendant, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from:

    a. Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, using or displaying hair removal services in the nature of facial and body threading or any other product or services using any marks confusingly similar to Plaintiff's Marks; and

    b. making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of hair removal services in the nature of facial and body threading or any other product or services using any marks confusingly similar to Plaintiff's Marks; and

    c. engaging in any other activity constituting infringement of Plaintiff's, or unfair competition with Plaintiff.

C. Direct that Defendant, at its own expense, recall all of its product and marketing, promotional, and advertising material, which bears or incorporates Plaintiff's Marks, or any designations confusingly similar to Plaintiff's Marks.

D. Require Defendant to deliver to Plaintiff's attorneys or representatives for destruction or other disposition all remaining products, labels, signs, prints, and advertisements in its possession or under its control bearing Plaintiff's Marks, or any designations confusingly similar to Plaintiff's Marks;

E. Direct that Defendant file with the Court and serve on the Plaintiff's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent injunction entered herein within thirty (30) days of receipt of service of any such order or injunction;

F.  Order an accounting of Defendant's profits and award Plaintiff its actual and/or statutory damages including increased damages for willful violation of rights.

G.  Direct that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) for the willful and wanton nature of Defendant's acts.

H.  At its election, award Plaintiff statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

I.  Award Plaintiffs its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117).

J.  Direct such other relief as the Court may deem appropriate to prevent the public from being misled or deceived.

K.  Grant to Plaintiff such other and further relief as may be just and appropriate.

**JURY DEMAND**

Plaintiff, Perfect Brow Art, Inc., demands a trial by jury of all issues triable to a jury in the above action.

Respectfully submitted,

PERFECT BROW ART, INC.

Date:  July 20, 2018

By:  /s/ Michele S. Katz
One of its attorneys
Michele S. Katz, Esq.
Advitam IP, LLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
Phone: (312) 332-7710
Fax:    (312) 332-7701
mkatz@advitamip.com